## In re SMITH'S ESTATE.

(*Surrogate's Court, Orange County.* October 20, 1890.)

WILLS—LEGACY CHARGED ON DEVISED LAND—LAPSE OF LEGACY.
   Where a legacy, which is charged on land devised by a preceding clause of the will, lapses by the death of the legatee during the life-time of the testator, the devisee takes the land free from the charge of the legacy.

Judicial settlement of the accounts of the executors of Zenas Smith, deceased.

*Irving H. Loughran,* for Zenas Smith, executor.

COLEMAN, S. The testator, by the codicil to his will, devised one-half of a certain farm to James Smith, in trust to "manage, use, and conduct the same,

and receive the rents, issues, and profits thereof, for the sole use, benefit, and support of my said cousin, Francis C. Smith, for and during his natural life," with remainder over to the children of Francis in fee.   And by the same instrument he bequeathed to his cousin, Niel T. Smith, "the sum of five hundred dollars, to be paid one year after my decease to him and to his heirs. And I do hereby make and create said legacy as a first charge upon that equal undivided half part of my said farm, which is hereby devised in trust to the said James Smith for the benefit of the said Francis C. Smith, and I do hereby authorize, empower, and direct my said cousin, the said James Smith, in the discharge of the trust hereby created, to pay to the said Niel T. Smith, or his heirs, the said legacy of five hundred dollars out of the estate hereby and hereinbefore devised to him in trust, and to enable him so to pay and discharge such legacy to charge and incumber said trust-estate and property by mortgage or otherwise, in such manner as he may find necessary and convenient. And in case Francis C. Smith shall die before this codicil, or my said last will and testament, or the trust hereby and herein created, shall take effect and become operative, the said legacy of five hundred dollars herein and hereby bequeathed to the said Niel T. Smith shall (as I do hereby will, order, and provide) nevertheless be and remain a charge first in priority upon the undivided equal one-half of my said farm which is intended hereby to be devised in trust as aforesaid to the said James Smith, and shall be paid by whomsoever takes and receives said undivided half part of my said farm."   The only provision as to the residue or lapsed legacies, under which any claim could possibly be made, is in the will, and is a gift of " whatever remains of my personal estate after payment of my debts, funeral expenses, and of the legacies hereinbefore given" to, etc.   Francis C. Smith survived the testator, and is still living.   Niel T. Smith died August 26, 1888, and the testator died May 18, 1889; hence the legacy to Niel T. lapsed.   This is true, notwithstanding the legacy is directed to be paid "to him and to his heirs," and although the trustee is directed to pay it "to Niel T. Smith or his heirs," the words "and heirs" and "or heirs" being used simply to denote the quality of the gift, that it was a gift in fee, if the gift should ever become operative.   The gift is to Niel T. Smith, and it is the payment which is to be made to him "and to his heirs."   These words were not necessary for the purpose, it is true, nor was it necessary to have further provided that the legacy be paid one year after the testator's death; and therefore no special significance is to be attached to these additional words in either case.   The question now to be determined is who shall receive the benefit of the lapsing.   Does it sink into the land for the benefit of the inheritance, or does it still remain a charge on the land, to be paid either to the executor, to be disposed of under the will, or to the heir as property not disposed of by the will?   The legacy if paid clearly must be paid from the undivided half of the farm of which Francis is to have the use, rather than only from the interest or use given Francis, for the testator authorizes the trustee to mortgage the trust-estate to enable him to pay the legacy, and also makes the legacy a charge which must be paid "by whomsoever takes and receives said undivided half part of my said farm."   The destination of this legacy seems to depend upon whether it be an exception from the devise of the land or a charge upon that devise.   Where the legacy is excepted from the devise, although the legacy lapse, the devisee must nevertheless pay the amount of it to the heir, unless it pass under the will; but, if the legacy be a charge, then, it seems, it sinks into the devise, for the reason that in cases of exceptions the devisee never had a complete gift of the whole interest, while in case of a charge the gift is, in the first instance, of the whole, the gift being afterwards modified or charged, and, the modification failing, the gift remains complete as at first.   The devise of the half of the farm to James in trust, with remainder over, is a complete disposition of that interest in the farm without limitation.   The legacy to Niel of $500 subsequently made is

independent of the previous devise, but its payment is ·made a charge upon it, and, although the trustee is directed and empowered to raise the amount of the legacy from the land, it was not thereby made an exception from, but was simply a charge upon, the devise.   In 1 Jarman on Wills, (5th Ed. 346,) the writer says: "With respect to the general question as to the destination of sums charged on real estate which lapse by the event of the legatee dying in the testator's life-time, little direct authority can be adduced; but, as there seems not to be any solid distinction between such cases and those in which the gift of the specific sum is void *ab initio*, recourse is naturally had to the cases on this point;" and then he shows, by authorities, that in the last-mentioned cases whether the lapsed legacies sink into the land devised depended upon their being exceptions or charges.   It is also a rule that "when a legacy, charged on land, is bequeathed on the legatee's attaining twenty-one, or any event personal to himself, if the legatee die while the time of payment is in suspense, the legacy sinks into the land for the benefit of the inheritance." 2 Williams, Ex'rs, 1354, (1255.)   While this case is not of this class, still the reason for the rule seems to be the same.   And in Roper on Legacies, 351, the author says "that, when the devisee takes the estate as a beneficial gift, he will be entitled to all such charges affecting it as lapse or fail."   Upon these authorities, and the reasoning from them, I conclude that the legacy to Niel T. Smith of $500 by his death in the life-time of the testator lapsed and sunk into the land devised to James Smith in trust, and therefore that said trustee is not required to pay the same to any one.