### *In re* CHAMPION'S ESTATE.

#### (*Surrogate's Court, Orange County.* December 20, 1890.)

1. WILLS—CONSTRUCTION—PRIVILEGE OF PURCHASING.
   One who is allowed by a will the "first opportunity" to purchase land from the executors "at such amount as will pay" the mortgage and legacies, does not take by the will, but by purchase from the executors, and he is therefore not entitled to the advantage of a lapsed legacy in the price.

2. SAME—RIGHTS OF LEGATEES.
   A will provided that property should be sold at the death of the testator's widow to a certain person, if he wanted it, and, if not, then at public sale, and that the executor should out of the proceeds pay the mortgage existing on the property and legacies provided by the will, and should "pay over and dispose of the balance, together with all residuary, as follows:" To the person named, $1,000, and the balance equally among four others. *Held*, that he was entitled to receive the $1,000 as a residuary legatee, if there were that amount in the residuum.

3. SAME—INTEREST ON LEGACIES.
   Under such a will, the person named has a reasonable time within which to purchase the property, and if he does purchase it the sale relates back to the death of the widow, and he is entitled to the rents from that time, and should also pay interest on the legacies.

Proceedings for the settlement of the estate of Thomas Champion, deceased. The third paragraph of the will reads as follows: "I give to John Donohue the first refusal to rent my said store, No. 120 Broadway, at thirty dollars per month, during the life-time of my wife, and upon her death the said John Donohue is to have the first opportunity to purchase my said real estate * * * from my executor, at such an amount as will pay the mortgage now existing thereon and the following legacies, viz.: $1,000 to Mary McCutcheon, wife of David McCutcheon; $300 to Susan Dolan; $500 to Richard Champion; and $300 to Katie Dowd. But in case said John Donohue should not elect to buy said property on said terms, or live to buy the same after the death of my wife, then my executor * * * is hereby empowered * * * to sell said property at public sale, * * * and out of the proceeds pay the mortgage and legacies aforesaid, and pay over and dispose of the balance, together with all residuary, as follows: To John Donohue the sum of $1,000, and divide the balance equally among Mary McCutcheon, Susan Dolan, Richard Champion, and Katie Dowd, to whom I hereby bequeath the same."

*L. S. Sterrit*, for the executor. *W. D. Dickey*, for John Donohue. *N. J. Fowler*, for Mary McCutcheon's representatives.

COLEMAN, S. Mary McCutcheon having died before the testator, and not being "a child or other descendant," the legacy of $1,000 to her lapsed. *Van Beuren* v. *Dash*, 30 N. Y. 393; *In re Wells*, 113 N. Y. 396, 21 N. E. Rep. 137. This being so, it is claimed on behalf of John Donohue that under the will his relation to the property is that of a devisee, and that the legacy to Mary McCutcheon, having lapsed, sinks into the land to his benefit. The provision that John Donohue may purchase the property is not a devise to him of the land charged with the various sums to be paid from the proceeds of the sale, but is simply a beneficial right or privilege, which he can only receive by becoming a purchaser upon the terms prescribed by the will. By the will he is given the "first opportunity" to purchase the property "from my executors at such amount as will pay" the mortgage and legacies. In order to become the owner of the property he must take a deed for it from the executors, and his title to the property will be by the deed, and not by the will. As purchaser he has no connection with the disposition of the proceeds of the sale. For these reasons I do not think he takes under the will a beneficial gift of the property, charged with the payment of the mortgage and legacies mentioned. If it were so, then he would be entitled to the lapsed legacy to Mary McCutcheon. *In re Smith's Estate*, 11 N. Y. Supp. 783. I therefore conclude that, if he wishes to purchase the property the consideration will be the amount of the mortgage plus the total of the amounts of the four legacies. I am, however, of the opinion that John Donohue is entitled to receive this $1,000 as a residuary legatee, if there shall be that amount in the residue upon this settlement. The testator directs a sale to be made of this property, first, to Donohue, if he wants it; if not, then at public sale. A direction to sell real estate does not always operate as a conversion into personalty, as the expression is "out and out;" as where it is done to effect a gift of personalty where the gift of realty would have been void, (*Arnold* v. *Chapman*, 1 Ves. Sr. 108;) or where it is directed to be sold to produce a fund out of which to pay certain legacies, some of which lapsing, or failing for any cause, thereby, to that extent, disappointing the purpose of the will, (*Cruse* v. *Barley*, 3 P. Wms. 20; *Gravenor* v. *Hallum*, 2 Amb. 643.) However, when the sale is made for the general purposes of the will, the residue included, the direction to sell operates as a conversion into personalty. *Durour* v. *Motteux*, 1 Ves. Sr. 320; *Moncrief* v. *Ross*, 50 N. Y. 431. I think it is fairly clear that such was the intention of the testator, and that lapsed legacies, if any, should pass under the provision relating to the "residuary." For the following reasons, this prop-

erty constituted substantially the whole of the testator's estate.    Any residuary estate he would have must come in some way from this property.    He clearly intended to give Donohue something more than the mere right to become the owner of the property.    First he was given the use of the store at a rental which the testator evidently considered favorable; next, at the death of the testator's widow, he was given the privilege of buying on terms also evidently considered favorable; and, finally, if he did not buy either, because he was too young or did not wish to, then, after the payment of the mortgage and the legacies mentioned, he was to receive $1,000, to be paid from what was left of the proceeds of the sale, "together with all residuary."    If anything was still left it was to be equally divided among the persons mentioned. Donohue's right to this $1,000 does not necessarily depend upon a sale had in consequence of his refusal to buy, for by the terms of the will it could not only be paid from the balance of the proceeds of such a sale, but from "all residuary."    In other words, the testator evidently at this point in his will intended to dispose not only of the proceeds of that sale, but also to make a complete and final disposition of the residue of his estate, whatever it might consist of.    As to the time from which the legacies to be paid from the sale of the real estate draw interest, no time for their payment is expressed in the will.    From the connection in which they are mentioned, it is evident the testator did not intend they should be paid until after the death of his wife, and after the sale of the property.    Donohue has a reasonable time within which to determine whether he will purchase the property.    If he concludes to buy, then the sale to him must relate back to the death of the widow, for there is no other disposition of the property in the mean time.    He will therefore be entitled to the rents and use from that time, and should pay interest on the legacies from the same time.