(53 Misc. Rep. 222)

## In ré ALLISON.

(Surrogate's Court, Steuben County.  February 12, 1907.)

WILLS—REMAINDERS—WHEN REMAINDER VESTS.

Testator bequeathed to his son, C., and to W., the son of C., the interest on certain mortgages, one-fifth to C. and four-fifths to W., and directed that on the death of C. the whole of the interest should be paid to W., and on his death the principal be paid to the children of W., in case he had any, and, if not, "it shall be paid to F. or her heirs." F. was the daughter of a deceased daughter of testator. C., W., and F. survived testator; but F. died before W., who died childless. F. was survived by her father, her sole heir at law, who died before W., and by her husband, and to the latter F. bequeathed all her property. The will was drawn by a layman, and at the time it was drawn W. was about 12 years of age, and the will gave F. one-half of testator's property absolutely. *Held* that, F. having survived testator, the remainder in which W. had the life interest vested immediately and absolutely in her, and passed to her husband by her will; contentions that the remainder vested at the time of testator's death in F., subject to be divested from her in case she failed to survive W., and that on the death of F. the remainder vested in her father, and that the remainder did not vest on the death of testator, but vested at the death of W. in C., who was the then surviving heir of F., being without merit.

Action by Charles S. Allison, as administrator of the estate of Eli Allison, deceased, as trustee under the will of William Lazear, deceased, for the judicial settlement of the account of plaintiff as administrator of Eli Allison, deceased, as trustee, and for the distribution of the funds of the estate of William Lazear held by Eli Allison as trustee.  Decree ordered providing for distribution.

John F. Little, for Charles S. Allison.

James McCall and William H. Nichols, for Minor E. Swarthout.

Henry C. Harpending, for Cornelius G. Lazear, Nellie Lazear, and Marvin Price.

WHEELER, S.  This is a proceeding commenced by Charles S. Allison, as administrator of the goods, chattels, and credits of Eli Allison, deceased, as trustee under the last will and testament of William J. Lazear, deceased, for the judicial settlement of the account of said Charles S. Allison, as administrator, etc., of Eli Allison, as such trustee, and for the distribution of the funds of said estate of William J. Lazear, deceased, which were held by said Eli Allison as trustee under said will.  There is no question as to the correctness of the account of said administrator, or of the said trustee.  The only question is as to who owns the principal of the trust funds; when and to whom the same shall be paid, and whether the trust mentioned in the will of William J. Lazear still continues as to the whole of said principal fund during the lifetime of Cornelius G. Lazear, or whether one-fifth of the principal of said fund continues to be held in trust during the lifetime of said Cornelius G. Lazear.  The answers to those questions involve the construction of the last will of said William J. Lazear, deceased.

William J. Lazear died in the town of Wayne, Steuben county, N. Y., on the 29th day of January, 1883, leaving his last will and testament, dated and executed on the 24th day of January, 1883.  This was

drawn by a layman. He left no real property, and his estate consisted wholly of personal property. The said will was thereafter, and on the 12th day of February, 1883, duly proven and admitted to probate as a will valid to pass real and personal property by a decree of the Surrogate's Court of the county of Steuben made and entered that day, and on said date letters testamentary thereon were duly issued by and out of said court to Silas A. Price and Eli Allison as executors and trustees, who were named in said will as such and they thereupon entered upon the discharge of their duties as such executors and trustees. The inventory of the estate of said William J. Lazear, made by his executors and duly filed in said surrogate's office, showed that the said personal estate was of the value of about $18,000, of which a little over $17,250 consisted wholly of notes and mortgages, and that about $750 only consisted of money and a few articles of tangible personal property. The only next of kin and heirs at law who survived the said testator were Cornelius G. Lazear, his son, and Mrs. Frank Swarthout, the daughter of a deceased daughter of the said testator. The said deceased daughter of the testator was Mrs. Eli Allison. The testator never had any other children than Cornelius G. Lazear and Mrs. Eli Allison. At the time of testator's death, the said Cornelius G. Lazear had one child, named William J. Lazear, and called William J. Lazear, 2d, who was the grandson of the testator. At the time the testator made his said will, and at the time of his death, the ages of said testator, Cornelius G. Lazear, Mrs. Frank Swarthout, and William J. Lazear, 2d, were, respectively, 70, 43, 16, and 12 years. The said Frank Swarthout, at the time the said will was made, and at the time of testator's death, was the wife of said Minor E. Swarthout and the daughter of said Eli Allison and Mrs. Eli Allison aforesaid. The said Frank Swarthout was married to the said Minor E. Swarthout in the fall of 1882. The said Frank Swarthout died November 13, 1891, being then over 18 years of age, and leaving, her surviving, no child or children or descendant, no brother or sister, but only her husband, Minor E. Swarthout, and her father, the said Eli Allison. Her said father was her sole heir at law. The said Frank Swarthout left a last will and testament, bequeathing all of her personal property to the said Minor E. Swarthout, her husband, which will was shortly thereafter duly proven and admitted to probate as a will valid to pass personal property, by a decree of the Surrogate's Court of the county of Steuben duly made and entered; and in and by said will the said Minor E. Swarthout was named as sole executor thereof, and at the time the said will was probated letters testamentary thereon were duly issued by and out of the said Surrogate's Court to the said Minor E. Swarthout, and he thereupon became, and ever since has been, the sole acting executor thereof. The said William J. Lazear, 2d, died in Denver, Colo., on July 19, 1906, intestate, and leaving no child or children surviving him, but leaving his widow, the said Nellie Lazear, and leaving, as his sole next of kin and heir at law, his father, the said Cornelius G. Lazear. Thereafter, and before the 29th day of December, 1906, the said Marvin Price was duly appointed as administrator of the goods, chattels, and credits of the said William J.

Lazear, 2d, by a decree of the Surrogate's Court of the county of Steuben duly made and entered. The said Eli Allison died intestate May 31, 1906, at said Town of Wayne, leaving, him surviving, no descendant, widow, or parent, but leaving, him surviving, as his sole next of kin and heirs at law, his brothers, Charles S. Allison and William Allison, and his sisters, Mrs. Whitehead, Mrs. Salt, and Mrs. French; the wife of said Eli Allison having died prior to the time of the death of said testator, William J. Lazear. Shortly after the death of said Eli Allison the said Charles S. Allison was duly appointed by this Surrogate's Court as sole administrator of the goods, chattels, and credits of said Eli Allison, deceased, and thereupon duly qualified, and letters of administration on said personal estate were duly issued to him, and he has ever since been acting as such administrator.

At the time the said William J. Lazear, the testator, made his said will, and at the time of his death, he was residing with the said Eli Allison at the latter's home in the town of Wayne, Steuben county, N. Y., and the said William J. Lazear had made his home with said Eli Allison for three or four years next preceding the time of his death. In the fall of 1882, at the time of the marriage of said Frank Swarthout to Minor E. Swarthout, the family of said Eli Allison consisted of said William J. Lazear, the testator, said Frank Swarthout, said William J. Lazear, 2d, and Eli Allison; and the said William J. Lazear, the testator, and William J. Lazear, 2d, his grandson, continued to reside with said Eli Allison at his said home up to the time of the death of said testator, William J. Lazear. At the time the will of said William J. Lazear was made, his son, Cornelius G. Lazear, was living in New York or Brooklyn, and he had been living away from his father, William J. Lazear, the said testator, from in or about the year 1876 or 1877, and the said Cornelius G. Lazear had been leading somewhat of a dissipated life, which was known to his said father, and he did not have any property to speak of at the time the said will was made, and had practically been out of business for several years before, and apparently had not succeeded in business, but had lost money in business. He had lived in different places, and at the time he was living in New York he had not been in any business that amounted to anything. While the said grandson, William J. Lazear, 2d, resided with the said Eli Allison as aforesaid, the said testator, William J. Lazear, paid said Eli Allison for his said grandson's board and lodging. On the 21st day of April, 1884, the said Surrogate's Court made and entered a decree in proceedings commenced by Silas A. Price and Eli Allison, as such executors, to judically settle their account as such executors, in and by which decree it was adjudged that the said executors had on hand $8,050 of said trust estate, and they were directed to hold the same pursuant to the terms of said will, as trustees therein named, and were then discharged and released from all other obligations and liabilities as such executors. Thereafter, and in or about the year 1893, a decree was made by said Surrogate's Court, in proceedings brought therein for that purpose, whereby the account of said Silas A. Price, as such trustee, was judicially settled, and his

resignation as such trustee was duly accepted, and he then ceased to act as such trustee, and the said trust funds of $8,050 were paid over and transferred to the said Eli Allison, his co-trustee, and thereafter, and until the time of the death of said Eli Allison, on the 18th day of May, 1906, the said Eli Allison continued to act as sole trustee under said will of William J. Lazear, deceased. No trustee of said trust fund has been appointed to fill the vacancy caused by the death of said Eli Allison.

The following is a copy of so much of the will of William J. Lazear, deceased, as disposes of his property:

"After the payment of my just debts and funeral expenses, I give, devise, and bequeath to my son, Cornelius G. Lazear, and my grandson, William J. Lazear, the use of notes and mortgages as follows: [Here are enumerated certain notes and mortgages]—being about $8,200.00; and I hereby appoint Silas A. Price and Eli Allison trustees to hold the above notes and mortgages, and they shall reinvest the same, when they shall be paid, to the best advantage, and shall collect the interest and pay it as follows: One-fifth to my son, Cornelius G. Lazear, and four-fifths to my grandson, William J. Lazear. The said interest for my grandson shall be paid for his support and education until he is twenty-one, after that go to him direct. This interest shall be paid annually during their natural life. At the death of Cornelius G. Lazear, the whole of said interest shall be paid to William J. Lazear, and at his death the principal shall be paid to the children of said William J. Lazear, if he shall have any; if not, it shall be paid to my granddaughter, Frank Swarthout, or her heirs.

"Second. I give, devise, and bequeath to my granddaughter, Frank Swarthout, the balance of my mortgages and notes, which is in amount equal to that given to my son and my grandson.

"Third. If there shall be anything left of my personal property in the shape of money or notes, other than mortgages and notes, it shall be equally divided between the three above described."

Charles S. Allison, as administrator, etc., claims that the principal of said trust fund belongs to him as such administrator. Minor E. Swarthout claims that the principal of said fund belongs to him as such executor of the last will and testament of his wife, Frank Swarthout, deceased, and to him as sole legatee under said will. Cornelius G. Lazear claims that the principal of said trust fund belongs to him by operation of law; that is, because he was at the time of the death of William J. Lazear, 2d, the then sole heir at law of Frank Swarthout, deceased. Neither Nellie Lazear nor Marvin Price, as administrator, claim any interest in said fund. Cornelius G. Lazear claims that the remainder in said fund did not vest at the death of the testator, but that it was a contingent remainder, and vested at the death of William J. Lazear, 2d, in the person who was then the surviving heir at law of Frank Swarthout; and Cornelius G. Lazear claims that, inasmuch as the remainder did not vest until the death of William J. Lazear, 2d, and Frank Swarthout died before William J. Lazear, 2d, and her father, Eli Allison, who survived her, having also died before William J. Lazear, 2d, then the only heir at law of Frank Swarthout, at the time of the death of William J. Lazear, 2d, was Cornelius G. Lazear, as he was the brother of the mother of Mrs. Frank Swarthout. Charles S. Allison, as administrator, claims that the said remainder vested at the time of the testator's death in Mrs. Frank Swarthout, who survived the

testator, subject, however, to be divested from her, in case she failed to survive William J. Lazear, 2d, and in any event to be divested if William J. Lazear had children. Minor E. Swarthout, as executor and individually, claims that the said remainder vested at the death of the testator absolutely in Mrs. Frank Swarthout, subject only to be divested by William J. Lazear having children, and he claims that the fact that Mrs. Frank Swarthout died before William J. Lazear, 2d, of itself did not divest her of said remainder, but that she could alienate the same by gift, sale, or by bequest, so that her alience would take the title to the same, subject only to the contingency that William J. Lazear, 2d, had children. It is conceded that William J. Lazear, 2d, never had any children. Consequently that contingency need not be considered in discussing the claim of Charles S. Allison, as administrator, or Mr. Swarthout, as executor, etc.

We will first consider the claim of Cornelius G. Lazear. There are several cardinal rules in the construction of wills, which may be referred to in the discussion of the several questions involved, viz.: The intention of the testator, which is to be derived from the language of the will itself, and which is to be interpreted in the light of surrounding circumstances, is the controlling element in the construction of wills, and, so far as the same can be ascertained in accordance with the rule stated, shall be taken into consideration and carried into effect. Byrnes et al. v. Stillwell et al., 103 N. Y. 458, 9 N. E. 241, 57 Am. Rep. 760. Aid may be sought from the situation and the relation of the parties. Matter of Russell, 168 N. Y. 174, 61 N. E. 166. The law favors the vesting of estates. Stokes v. Weston et al., 142 N. Y. 433, 37 N. E. 515. The remainder shall not be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as vested. Hersee et al. v. Simpson, 154 N. Y. 496, 48 N. E. 890; Connelly v. O'Brien, 166 N. Y. 408, 60 N. E. 20. The rule is that where a person or persons to whom, or the event upon which, the estate is limited to take effect, remains uncertain until the termination of the life estate, the remainder is contingent. Clark v. Cammann, 160 N. Y. 327, 54 N. E. 709. If, when the will goes into effect, there is no contingency, either as to the person entitled in remainder or as to the event by which the intermediate estate is to be determined, then the remainder is vested. Van Axte v. Fisher et al., 117 N. Y. 403, 22 N. E. 943. If the postponement of the payment is for the purpose of letting in an intermediate estate, then the remainder shall be deemed vested at the death of the testator, and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift. Matter of Crane, 164 N. Y. 71, 58 N. E. 47. The word "heirs," when applied to the succession of personal property, means next of kin. Tillman, as Ex'r, v. Davis et al., 95 N. Y. 17, 47 Am. Rep. 1; Drake v. Pell, 3 Edw. Ch. 251; Wright v. M. E. Church, Hoff. Ch. 202. The words "and heirs" are words of limitation, and not of purchase. Thurber v. Chambers, 66 N. Y. 42; Matter of Allen, 151 N. Y. 248, 43 N. E. 554; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457. The words "or heirs" may be construed as "and heirs," and the words "and heirs" may be construed as "or

heirs," in order to effectuate the apparent intention of the testator. Miller. v. Gilbert et al., 144 N. Y. 74, 38 N. E. 979; Roome, as Adm'x, v. Phillips, 24 N. Y. 468; Davidson v. Jones, 112 App. Div. 255, 98 N. Y. Supp. 265; Matter of Smith's Estate (Sur.) 11 N. Y. Supp. 783; Jackson v. Blanshan, 6 Johns. 56, 5 Am. Dec. 188; Miller v. Caragher, 35 Hun, 485. The words "then to pay after the termination of the life estate" do not mean a gift in futuro, but a present gift, and vest the remainder upon the death of the testator, but postpone the enjoyment of the gift until the death of the life tenant. Roosa v. Harrington, 171 N. Y. 341, 64 N. E. 1. The books are full of authorities holding that the words "when," "then," "after," "hereafter," and "upon" do not mean that the vesting of a remainder is postponed, but the enjoyment of the remainder is postponed by the use of said word.

The general rules for the construction of wills are not controlling. They are but aids to the construction, and, where the language of the will itself is reasonably plain, or not obscure, recourse to these rules is not necessary. They are simply to aid in ascertaining the intention of the testator, when considering the language of the will, and the relation and situation of the testator, and the parties affected. As stated in Matter of Russell, supra, aid may be sought from the situation and the relation of the parties. It is clear, from the reading of the will in question, that the testator only intended to give his son, Cornelius G. Lazear, the use for his life of one-fifth of one-half of all his notes and mortgages, and to his grandson, William J. Lazear, 2d, the use for his life of four-fifths of one-half of .all his notes and mortgages, and that he did not intend that either should ever have any portion of the principal of his notes and mortgages; and it appears that at the time he made this will all of his estate, with the exception of about $750, consisted of bonds, notes, and mortgages, and that the residuary clause of said will would not have carried to exceed $750 of personal property, so he practically excluded his son and his grandson from any enjoyment of his estate, except the incomes above stated. His son, it appears, had not been successful in business, was practically insolvent, and had not resided with him in many years. His grandson was about 12 years of age, and his father apparently was not supporting him, but the testator was supporting him at the home of Eli Allison; and it is evident that the testator did not consider it prudent or wise to intrust either his son or his grandson with the ownership of his estate, and that it ·was wise that about one-half of the same should be placed in trust for their use and benefit, and so placed that they could not disturb or waste any of the principal. So by a plain reading of the will, in connection with the position and relation of the parties, it is apparent that he did not intend his son, Cornelius G. Lazear, or his said grandson, ever to receive any of the principal, except possibly a small share in the residuary estate of $750.

The fact that the will provides that upon the death of William J. Lazear, 2d, without children, the principal of said trust fund "shall be paid," etc., does not mean that ·the vesting of the said remainder was postponed, but that the enjoyment of the same was postponed. Roosa v. Harrington, supra, and many other cases. The remainder

in said fund was not contingent under the rules, for Mrs. Frank Swarthout was alive, she being the person mentioned as entitled in remainder, and it was not uncertain as to the event by which the intermediate estate was to be determined, for that event was the death of William J. Lazear, 2d, and his death was certain; so there was neither a contingency as to the person entitled in remainder, nor as to the event by which the intermediate estate was to be determined. So that under the rule stated in Van Axte v. Fisher et al., supra, this remainder was not a contingent, but a vested, one. It is apparent that the testator thought a great deal of his granddaughter, Mrs. Frank Swarthout, in whose family he had lived, for he gave by his will one-half of all his notes and mortgages to her absolutely. He placed no restriction upon his gift to her, although he knew she was then married to Minor E. Swarthout, and I am satisfied that it was the intention of the testator to give all his notes and mortgages to Mrs. Frank Swarthout, subject to the trust in the executors to collect the income on one-half thereof for the benefit of the son and grandson during their lives, and subject to William J. Lazear, 2d, having children. He evidently wished to provide an annual income for his son and grandson during their lives, and all the rest of the notes and mortgages should belong to Mrs. Frank Swarthout, unless William J. Lazear, 2d, had children; and therefore the remainder was not a contingent one, but vested in Mrs. Frank Swarthout on the death of the testator, and therefore Cornelius G. Lazear has no interest in the principal of said fund.

The only difference between the claims of Charles S. Allison, as administrator, etc., and Mr. Swarthout, as executor, etc., is that the former claims that the remainder, though vested at the time of the testator's death, was divested by reason of Mrs. Swarthout's death before the death of William J. Lazear, 2d, and the latter claims that the remainder vested in her absolutely at the testator's death. Mr. Allison bases his claim upon the words "or her heirs," in that part of the will where it says:

"The whole of said interest shall be paid to William J. Lazear, 2d, and at his death the principal shall be paid to the children of William J. Lazear, 2d, if he shall have any; if not, it shall be paid to my granddaughter, Frank Swarthout, or her heirs."

Mr. Allison contends that the words "or her heirs" have not the same effect as the words "and her heirs," and that the words "or her heirs" shall not be construed as words of limitation, but as words of purchase or of substitution, and that when Mrs. Swarthout died, during the lifetime of William J. Lazear, 2d, leaving, her surviving, as her sole heir at law, Eli Allison, then by force of the words "or her heirs" the said remainder became vested in Mr. Eli Allison, and that Charles S. Allison, as administrator, etc., by operation of law takes the title to the said remainder. We have above quoted several cases which held that the words "or heirs" may be construed as "and heirs," and vice versa. It must be remembered that this will was not drawn by a lawyer, but was drawn by a layman, and from its appearance it was

not artistically drawn, and that there may be elasticity used in construing the words "or heirs," which were used by this layman.

In the first place it is noticeable that he used the word "heirs" in reference, not to real estate, but to personal property, and the will nowhere purported to dispose of real estate. It is plain on its face that it was disposing of personal property only, and yet the scrivener used the word "heirs" where he should have used the words "next of kin." In the case of Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20, the Court of Appeals shows how far it was willing to go in order to construe a remainder into a vested one. In that case it construed the word "then" to refer to the time of the death of the testator, instead of to the time of the termination of the life estate. In the case of Miller v. Caragher, 35 Hun, 485, where the gift was to a person, from the deceased "to Henry or his heirs," the court held that the remainder vested in Henry if he surv:ved the testator, and went to his heirs only in case Henry had died before the testator. In that case it was construed that by the words "or his heirs" it meant that, in case Henry died before the testator, then it would go to his heirs, but, in case Henry survived the testator, then the words "or his heirs" were words of limitation, and not of purchase, or of substitution. Matter of McCormick v. Burke, 2 Dem. Sur. 137; Wright v. Trustees, Hoff. Ch. 202. In the above cases the words "or heirs" were construed to be words of purchase, and in those cases it was held that, where there was a gift to a person or his heirs, those words meant that, in case the legatee died before the testator, then the words "or heirs" became words of purchase, but that, in case the legatee survived the testator, then they were construed as words of limitation, or, perhaps more correctly speaking, they were not considered at all, but were of use only in case the legatee failed to survive the testator, and that the testator in using those words referred to the case of the death of the legatee during the testator's lifetime, and not the legatee's death at any period after the death of the testator.

To my mind Miller v. Gilbert et al., 144 N. Y. 68–75, 38 N. E. 979, and Davidson v. Jones, 112 App. Div. 255, 98 N. Y. Supp. 265, should determine the contentions between Mr. Allison, as administrator, and Mr. Swarthout, as executor, etc. In Miller v. Gilbert et al. the will provided as follows: The testator gave to his wife the use, etc., of certain houses and lots so long as she continued his widow, and, when she ceased to be such by death, then the premises were directed to be sold, and the proceeds equally divided among the testator's four children, named, "or their heirs." The four children named survived the testator, but two of them died before their mother, and the court held that the fee of the premises vested upon the testator's death in the four children. In discussing the meaning of the words "or heirs," the court said:

"It is also urged by the appellants' counsel that the words 'or their heirs,' in the clause of the will under consideration, disclose the intent to substitute a deceased son's issue for himself in case the latter died at any time before the widow. It is difficult to say what was in the mind of this illiterate testator when he employed these words. He may have improperly deemed them essential in framing an absolute devise to the sons. * * * It is quite inconceiv-

able that he supposed the words created a substitutionary bequest or devise . in the event of the death of a son before his mother, but it may more reasonably be assumed they were ignorantly used. It is a case where the court might well substitute 'and' for 'or.' Roome v. Phillips, 24 N. Y. 463; Jackson v. Blanshan, 6 Johns. 56, 5 Am. Dec. 188. If these words are given the full force and effect claimed for them, they would fall within the rule of con-. struction that where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and that, if such devisee survives the testator, he takes an absolute fee. Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515, and cases cited."

In Davidson v. Jones, supra, the will there under consideration devised all of testator's property to his wife "for her sole and separate use for and during the term of her natural life, and on her decease to her children or to their legal representatives." It was there contended that the words "or their legal representatives" were words of substitution, and postponed the vesting of the remainders by creating remainders in the heirs of such of the testator's children as should die during the life of the life tenant, who was still living. It was held by the court:

"Though the remaindermen took possession 'on her decease,' meaning the life tenant's decease, such words as 'on,' 'when,' 'after,' and 'from and after,' standing alone, do not of themselves make a remainder contingent, unless their meaning is enlarged by the context. They relate to the time of the enjoyment, and not to the time the interest vests; for the law favors the vesting of estates. Though the words 'legal representatives' refer technically to executors or administrators, yet they may also mean heirs at law or next of kin, and, where used in reference to real estate, they mean 'heirs of the testator's deceased children.' The intent of the testator was to vest the absolute title to his real estate in such of his children as were living at the time of his death, and in the heirs of such as may have died before that event, and only the time of enjoyment was postponed until the death of the widow. As none of the children of the testator had died before him, the remainder vested absolutely in them, and a conveyance by them conveyed the title."

In that case the words that raised the principal question were the words "or to their legal representatives," and the court held that it meant to their heirs. From the cases cited or referred to, or mentioned in the cases cited, we are satisfied that the words "or heirs" meant "next of kin," and that they were not words of substitution, and that. Frank Swarthout having survived the testator, the said remainder vested immediately and absolutely in her at the time of the testator's death, subject to the contingency of William J. Lazear, 2d, having children, which is now immaterial, as that contingency never occurred. Therefore we must hold that the said remainder did not pass to Eli Allison upon the death of Frank Swarthout, and therefore Charles S. Allison, as administrator, has no interest in said remainder, and we must hold that the remainder vested in Mrs. Frank Swarthout, and that she had a right to will the same, and that she did will the same to Minor E. Swarthout, and he, as her executor, is entitled to the payment of the principal of said remainder to him.

However the said payment to him must be subject to so much of the trust as still exists in favor of Cornelius G. Lazear, and here is a question that would be troublesome, if it were not for the consent of the parties. The will provided that the interest of said fund should

be collected and paid annually one-fifth to Cornelius G. Lazear and four-fifths to William J. Lazear, 2d, and at the death of Cornelius G. Lazear the whole of said interest should be paid to William J. Lazear, 2d, and at his death the principal should be paid to the children of said William J. Lazear, 2d, if he should have any; if not, to Frank Swarthout of her heirs. It is evident that the testator contemplated that Cornelius G. Lazear would die before the grandson, William J. Lazear, 2d, and it evidently did not occur to him that Cornelius G. Lazear would survive the grandson. But from a reading of the will it is evident that he intended in any event that Cornelius G. Lazear should have annually one-fifth of the interest of said fund so long as he lived, whether he did or did not survive the grandson; and the question now is, shall all of the said fund be retained by the trustee, or whoever may be appointed to fill the vacancy, until the death of Cornelius G. Lazear, during which time to pay over one-fifth to Cornelius G. Lazear, and four-fifths to the party entitled to the principal of the said trust fund, until the death of said Cornelius G. Lazear, then to pay over the principal to the party so entitled, or shall one-fifth of the principal be held by the trustee, and the interest thereon collected and paid over annually to Cornelius G. Lazear, so long as he may live, and the four-fifths of said principal to be immediately paid to the party entitled, Minor E. Swarthout, as executor, etc., and then, upon the death of Cornelius G. Lazear, the other one-fifth of said principal to be paid to the said Swarthout as executor. The parties to this proceeding have all appeared, all being of full age, and they have consented that the court construe this clause of the will that four-fifths of the principal shall be paid over to the party held to be entitled, and that one-fifth of said principal shall be held in trust under said will, and the income thereof paid annually to Cornelius G. Lazear during his lifetime, and upon his death the said trust in said one-fifth of principal to cease, and the said one-fifth of principal then to be paid to the party entitled.

Let a decree made upon this judicial settlement providing and adjusting, among other things, that four-fifths of the principal of said fund, less its share of the commissions, expenses, and allowances, be distributed and paid to Minor E. Swarthout, as executor of the last will and testament of Frank Swarthout, deceased, and providing that one-fifth of the principal of said remainder, less commissions, expenses, and allowances, be paid over to such person as shall be appointed trustee under the last will and testament of William J. Lazear, deceased, and be held in trust by such trustee under said will, and be kept invested and the interest collected and paid over annually to Cornelius G. Lazear during his lifetime, and upon his death the said one-fifth of said principal be distributed and paid to Minor E. Swarthout as such executor. The question of costs and allowances to be heard on at least five days' notice from the moving party to those interested.