John J. Dillon, S.
This is an independent construction proceeding instituted by the successor-trustee to determine whether the remainder of the trust created under article “fifth” vested absolutely at the date of death of testator or whether the testator intended that the vesting of such remainder be postponed until the termination of the trust.
The testator died a resident of Westchester County on July 23, 1918 and his will dated May 29, 1916 was duly admitted to probate on October 1, 1919. Article ‘ fifth ’ ’ of the will provides as follows: “ fifth ”: It is my will that, in addition to the bequest hereinbefore made to my said wife, marie g. gulbenkian, my said wife shall have and shall enjoy from and out of my estate during her life an annual income of not less than Twelve Thousand Dollars ($12,000), payable to her monthly in each and every year during her life. For that purpose, I give and bequeath to my said trustees the sum of Three Hundred Thousand Dollars ($300,000) in trust, to invest and reinvest the same, and to pay to my said wife in each and every year during her life in monthly payments the whole of the net profits, rents and income of said trust fund derived in the course of each and every year, severally; and if in any particular year the net income derived from such fund should not equal the said minimum annual income of Twelve Thousand Dollars ($12,000), then I authorize and direct my trustees to draw out of the principal of said trust fund and to pay to her the amount necessary to make her annual income in such year equal to said minimum annual income. I give and bequeath the remainder of said trust fund, upon her death, to my brothers badrig gulbenkian and harutune gulbenkian, in equal shares and their several descendants per stirpes.”
The trust provide for under article ‘ ‘ fifth ’ ’ was terminated by the death of testator’s wife on March 14, 1957. Both brothers survived the decedent but predeceased the life tenant, Badrig Gulbenkian having died on June 12, 1930, and Haroutiune Gulbenkian, referred to in the will as Harutune, having died on October 24, 1947. Both of the deceased brothers of testator were survived by issue so that the court is required to determine whether the remainder is payable to the executors of the deceased brothers or is to be distributed among the issue of such deceased brothers of testator.
The wills of Badrig Gulbenkian and Haroutiune Gulbenkian expressly refer to their respective interests in the remainder of the trust under article ‘ ‘ fifth ’ ’ of the will of the testator and provide for the disposition upon the death of testator’s *1056 widow of an amount equal to the principal of said trust fund in favor of The Gullabi Gulbenkian Foundation, to be added to the principal thereof. Under these-circumstances the citation herein was issued to the Attorney-General of the State of New York. Of the parties appearing, only the Attorney-General contends that the remainder is absolutely vested and under the wills of the deceased brothers of testator is payable to The Gullabi Gulbenkian Foundation.
“ The primary object in construing wills is to ascertain the intention of the testator, and when that has been ascertained, it is to be implicitly obeyed, however informal the language in which such intention has been conveyed.” (See opinion by Earl, J., in Keteltas v. Keteltas, 72 N. Y. 312.) The law has long favored a construction which favors vesting because among other things it permits the free transfer of property at the earliest possible date. (Matter of Watson, 262 N. Y. 284; Dougherty v. Thompson, 167 N. Y. 472; Connelly v. O’Brien, 166 N. Y. 406; Matter of Krooss, 302 N. Y. 424.)
So far as vesting is concerned the presumption primarily is that the will speaks ¿s of the time of testator’s death. (Nelson v. Russell, 135 N. Y. 137; Matter of Neydorff, 193 App. Div. 531; 2 Davids, New York Law of Wills, § 941.) The provision for disposition of a remainder in terms of present gift “ I give and bequeath ” is generally regarded as indicative of an intention to create a remainder which vests absolutely at the death of testator. (Owens v. Owens, 64 App. Div. 212.) And it has been held that futurity is not annexed to the substance of the gift where the postponement of payment is for the purpose of letting in an intermediate estate. (Matter of Crane, 164 N. Y. 71.) Further evidence of an intention to create a remainder vesting absolutely at the death of testator is found in the provision for a gift of the remainder, nominatim, “ to my brothers, Badrig Gulbenkian and Harutune Gulbenkian, in equal shares ”. (Riker v. Gwynne, 201 N. Y. 143.) Moreover, it is clearly apparent from the reading of the entire will that the brothers of decedent, subject only to the provision made for the benefit of decedent’s widow, were the primary objects of his bounty, a circumstance which also has been regarded as favoring absolute vesting. (Matter of Allison, 53 Misc. 222, affd. 122 App. Div. 898, affd. without opinion 194 N. Y. 540.) Not only are the brothers of testator referred to by name as the remaindermen of such trust, but they are also named as the sole* beneficiaries of the residuary estate.
‘ ‘ When a will contains language that has acquired, through judicial decision, a definite and established significance, the *1057 testator is taken to have employed that language in that sense and with that meaning in mind.” (See opinion of Fuld, J., in Matter of Krooss, 302 N. Y. 424, 428, supra.)
By the last sentence in article ‘ ‘ fifth ’ ’ of the will, upon the death of his wife the testator gave and bequeathed the remainder of the trust to his two brothers in equal shares. Had there been no provision for a disposition of such remainder among the descendants of the brothers per stirpes, there could be no question that the remainder was absolutely vested. Even though the phrase ‘ ‘ and their several descendants per stirpes ’ ’ be construed as a substitutionary gift, such additional language may not be construed as qualifying or cutting down the gift to the brothers of testator, unless the language qualifying or cutting down the gift to the brothers is equally as clear and decisive as that which created the vested remainder. (Matter of Krooss, supra; Goodwin v. Coddington, 154 N. Y. 283.) And even though the provision for a distribution per stirpes among the descendants of testator’s brothers be construed as a substitutionary gift in favor of such descendants, there is no apparent intention that the time referred to was any date other than the death of testator. The construction of such phrase as a substitutionary gift in favor of the descendants of testator’s brothers does not therefore import a distribution among persons to be ascertained at the termination of the trust.
Elsewhere in the will by article ‘ ‘ sixth ’ ’, the testator created a trust for the benefit of a named nephew, the remainder of which was payable to him not later than 10 years after the demise of testator. In providing for the disposition of such remainder the testator expressly provided that in the event of the death of said nephew prior to the expiration of the 10-year period, such remainder was bequeathed to the descendants of such nephew, if any, per stirpes, and express provision was also made for a gift over in favor of a designated charity in default of issue of such nephew. Article ‘ fifth ’ ’ of the will contains no comparable reference to a distribution to be made at the termination of the trust, nor does it contain any provision against the contingency of either brother dying without issue.
The court accordingly determines that each of the named brothers having survived the testator, the remainder vested absolutely in each of said brothers at testator’s death. Each of said brothers having died prior to the termination of the trust, one half of the remainder of such trust is payable to each of their respective executors.
Settle decree construing the will accordingly.