FREDERICK VAN AXTE, as Executor, etc., Respondent, *v.* BERTA D. FISHER et al., Appellant.

The will of F. gave his residuary estate to his executor, in trust, with power to sell and invest the proceeds, to pay the interest and income to D. during life, and to appropriate so much of the principal as should be necessary to the proper maintenance of D.; the balance the testator gave to J. "upon the death of" D. J. died before D., intestate, and leaving children. In an action for the construction of the will, *held*, that under it J. took, upon the death of the testator, a vested remainder (1 R. S. 723, §§ 10, 13), subject to the exercise of the power of sale, and that upon the death of J. his interest descended to his issue.

(Argued October 29, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 4, 1889, which affirmed a judgment, entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of Otto F. Fisher, deceased.

The provisions of the will, so far as material, and the facts are stated in the opinion.

*Joseph S. Ridgway* for appellant.

*P. Q. Eckerson* and *Frederick Van Axte* for respondent. The future estate or remainder is in fee, and it vested in interest at the death of the testator, wholly in said John G. Fisher. (*Gilman* v. *Reddington*, 24 N. Y. 15, 16; 1 R. S. chap. 1, part 2, tit. 5, § 1; 2 id. chap. 1, art. 1, §§ 10, 13; 1 id., 723, § 13; *Fosdick* v. *Cornell*, 1 Johns. 444; *Anderson* v. *Jackson*, 16 id. 382; *Scofield* v. *Olcott*, 120 Ill. 362; *In re Burnett's Trusts*, 3 Kay & J. 280; 4 Kent's Comm. 204; 2 Washburn on Real Estate, 510; *Moore* v. *Lyons*, 25 Wend. 142–144; *Embury* v. *Sheldon*, 68 N. Y. 228, 236; *Alley* v. *Conover*, 26 Week. Dig. 168.) The authority given in the will for executor to use such portion of the estate as he might think necessary for the support of the testator's son

does not create any estate which affects the vesting of the estate in John G. Fisher, the residuary legatee. (*Gilman* v. *Reddington*, 24 N. Y. 15; *Delafield* v. *Shipman*, 18 Abb. N. C. 297.)

GRAY, J. The testator, by his will, gave all of the rest, residue and remainder of his estate to his executor, in trust, to pay the interest and income therefrom to his son Dietrich during his life. He empowered his executor to sell and to dispose of the estate and to invest the proceeds, and also, if, in his judgment, the income of the estate, with his son's other means of maintenance, proved insufficient to properly support him, he empowered the executor to use and appropriate so much of the principal in his hands as, in his opinion, might be necessary for the proper maintenance of the son. The testator then directs his executor, after the death of the son, to pay to his brother John " all of the said balance, residue and remainder of my said estate given as above in trust to my said executor, or so much as shall remain on the death of my said son, which I give, devise and bequeath to my said brother upon the death of my said son." The brother died before testator's only son, Dietrich, intestate and leaving a widow and children. Dietrich left a will disposing of all of his property in favor of the appellant Duffy.

A portion of the testator's estate remains in the trustee's hands, and this action was brought to have it judicially determined, whether the personal representatives of the brother shall take it under the will; or whether, because of the death of the brother in the lifetime of the son Dietrich, as to that remainder there was a failure of testamentary disposition, by reason of which it became the son's to dispose of. So far as I can understand it, the appellant's contention is that the testator's brother took no vested estate or interest under the testator's will, and that the testamentary provision in his favor failed by reason of his not having survived testator's son Dietrich. For this view he thinks to find support in the presence in the will of a general power to the executor, as trustee, to dispose

of the estate itself in the beneficiary's lifetime; and hence, I suppose, he reasons that such a provision is inconsistent with a vesting of the future estate in the remainderman named.

I am unable to see that any difficulty is presented by this will, or that the testator's purpose fails of its accomplishment, to vest the possession of what might remain, at his son's death, as principal of the estate, in his brother John, or his successors in interest at that time. The statute operated to vest in the brother the future estate, which was limited to commence at the termination of the precedent estate created for the life of the testator's son. (1 R. S. 723, §§ 10, 13.)

The requisite of the statute for the vesting of such an estate was met by the fact that the remainderman was in being, and, had the intermediate estate ceased, at any time before the death of the testator's brother, he would have had an immediate right to the possession of the estate which the executor held in trust.

The discretionary power of disposition of the estate, which the executor possessed, could not affect the vesting of the estate in the remainderman. He took his interest simply subject to the exercise of that power. The vesting had already taken place, and all that might happen would be a loss or divesting of so much of the estate as had been disposed of by the trustee under the power conferred. When the will went into effect by the testator's death, there was no contingency; either as to the person entitled in remainder, or as to the event by which the intermediate estate was to be determined. The person then entitled in remainder might be divested of the possession of the estate by reason of failing to survive the termination of the intermediate estate; but his issue would take in succession to their parent under the statutory rules. The mention of the brother by name, without allusion to his heirs, is not material. The fee would pass without them. (*Hennessy* v. *Patterson*, 85 N. Y. 101.) A discretionary power in the executor to appropriate the estate itself to the support of the objects of the trust was considered by Judge COMSTOCK, in *Gilman* v. *Reddington* (24 N. Y. 9), to be no

objection to the trust. Nor could it logically be an objection to the vesting in interest of the right to the *corpus* of the estate upon the cessation of the trust. The extent of the power and authority in the trustee to use the estate beyond its income might operate to diminish it; but that furnishes no reason for supposing the necessary vesting under the statute to be thereby interfered with. The residuary estate of the testator vested in interest in his brother John, as the remainderman named, and the general power in trust, which the executor possessed, operated only as an enlargement of his legal estate, through an increase of his power and authority over it.

I think the judgment should be affirmed, with costs to the respondent against the appellant Duffy.

All concur.

Judgment accordingly.