DILLENBECK v. DILLENBECK et al.

(Supreme Court, Appellate Division, Third Department.  November 10, 1909.)

1. PERPETUITIES (§ 6*)—SUSPENDING·POWER OF ALIENATION.

A will directing the executors, or their survivors or successors, to convey testatrix's realty for the best obtainable price within three years after April 1st following her death, did not suspend the power of alienation for any period, as the executors could make the sale immediately upon testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 51; Dec. Dig. § 6.*]

2. WILLS (§ 446*)—CONSTRUCTION IN FAVOR OF INSTRUMENT.

In case of ambiguity or doubt as to the construction of a will, it should be construed, if possible, to sustain rather than destroy it.

[Ed. Note.—For other cases, see Wills, ·Cent. Dig. § 962; Dec. Dig. § 446.*]

.Appeal from Special Term, Fulton County.

Action by Stewart Dillenbeck against William B. Dillenbeck and others. From an interlocutory judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Clarence W. Smith, for appellants.

M. D. Murray, for respondent.

COCHRANE, J.  This action involves the validity of the following provision in the last will and testament of Catherine S. Dillenbeck, deceased, viz.:

"I order and direct my said executors or the survivor. of them or the one who shall act or his or their legal successors in office to sell and convey my said farm and real property for the best price they can obtain therefor, within three years from and after the April first following my decease."

The said clause in the will has been declared invalid, because it suspends the power of alienation of the real estate until the April following the death of the testatrix, and partition of such real estate has been adjudged herein among the heirs of, the deceased as if she had died intestate.  The argument is that the will contemplates an interval of time between the death of the testatrix and the following April, not measured by lives, during which the property cannot be sold.

·I do not think the will should receive that construction.  The intent of the testatrix was to fix a limitation of time within. which the property should be sold.  It was made the duty of her executors to sell the same at any time either before or after the April following her decease, but not later than three years after such April.  It may be possible to give to the clause in question the meaning which plaintiff claims it should have; but it certainly does not necessarily have that meaning, and the rule applies that, in case of doubt or ambiguity, such a construction should be employed, if possible, as will sustain rather

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

than destroy the instrument. There is nothing in the case disclosing any reason why the testatrix should desire to postpone the sale for any period of time, and hence we should conclude that there was no suspension of the power of alienation, but that the executors were at liberty to make immediate sale of the property.

The interlocutory judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.

