(68 Misc. Rep. 252.)

### CLARK v. PETERS et al.

(Supreme Court, Special Term, New York County. June, 1910.)

1. WILLS (§ 634*)—ESTATES CREATED—VESTED AND CONTINGENT ESTATES—"AFTER"—"UPON DEATH OF."

A remainder is not to be considered contingent where it may be vested consistently with the intent of testator, and the words "after" and "upon the death of," and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*

For other definitions, see Words and Phrases, vol. 1, pp. 253–257.]

2. WILLS (§ 634*)—ESTATES CREATED—VESTED REMAINDERS.

A will gave testator's daughter a share of the estate for life, and, "after her death," gave it to her two children named, share and share alike, or the survivor of them, on his or her attaining lawful age. *Held* that the two children took vested remainders upon testator's death, and, upon death of one of the children before the death of his mother, his interest passed to his issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action by Camilla Clark against Camilla Marie Peters and others for construction of a will. Will construed.

Rastus S. Ransom, for plaintiff.

Jesse Grant Roe, for defendant Carpenter, as trustee.

Henry W. Webber, guardian ad litem, for defendants Peters and Aston.

O'GORMAN, J. The controversy in this case turns upon the construction of the following testamentary provision:

"Second. I give to my daughter, Camilla G. A. L. Gaylord, widow, the use and income of the equal one-fourth part of my estate, real and personal, dur-

---

ing her natural life; after her death I give, devise and bequeath the said one-fourth part to her two children, Ernest T. and Camilla, share and share alike, or to the survivor of them, on his or her attaining lawful age."

The two children, Ernest T. and Camilla, attained full age, but Ernest predeceased his mother, the life tenant, leaving issue him surviving, and it is claimed that Camilla, the surviving child, takes the entire devise to the exclusion of the children of her deceased brother, Ernest T.

The question is: At what time did the interest of Ernest T. vest, did it vest on the death of the testator, or when the remainderman became 21, or was it intended that his interest should not vest until the death of the life tenant? If the language is capable of any construction which will permit the issue of the deceased son to participate in the remainder limited upon his mother's life estate, that construction, on well-settled principles, should be adopted in preference to one which should exclude them. Matter of Brown, 93 N. Y. 295–299. A remainder is not to be considered as contingent in any case where it may be vested consistently with the intention of the testator. The words "after" and "upon the death of," and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession—the commencement of the enjoyment of the estate. Embury v. Sheldon, 68 N. Y. 236. As stated in Connelly v. O'Brien, 166 N. Y. 406–408, 60 N. E. 20:

"A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as 'when,' 'then,' 'after,' 'from and after,' etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of its vesting in interest. The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate."

Applying these principals, it must be held that the vesting of Ernest T. and Camilla occurred on the death of the testator, but the time of enjoyment depended upon the happening of two events—one, which was necessarily certain, the death of the life tenant, and another, uncertain, the attainment of full age by the remaindermen. It is settled law that, when an estate in land is devised to an infant "when he attains the age of twenty-one years," his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession. He takes a vested fee, which becomes defeasible if he die before maturity. This contingency is treated as a condition subsequent. Radley v. Kuhn, 97 N. Y. 35; Roome v. Philips, 24 N. Y. 465; Chapl. on Susp. Alien., 13–37, 291; Gerard Title (5th Ed.) 227. In effect, the clause in question gave the property to the remaindermen subject to the life estate of their mother, and subject further to the divesting of the interest of either dying under 21 years of age. The estate being vested in Ernest T. and Camilla, Ernest T. having attained full age, his interest could not be defeated by the circumstance of his death occurring before the death of the life tenant. There is no provision requiring that the children should survive the life tenant. The words of survivorship have

no reference to the duration of the life estate or the death of the life tenant. Words of survivorship ordinarily relate to the death of the testator, but where a contrary intent is shown, either by implication or express language, the general rule is inapplicable. Kelso v. Lorillard, 85 N. Y. 177. The apparent intent, which must control, is that, if either of the remaindermen die before attaining full age, the survivor will take the whole, provided he reach 21 years of age. This provision has no relation to the expiration of the life estate, and, when Ernest became 21 years of age, his interest already vested became absolute, and on his decease passed to his heirs subject only to the life estate. While, in order to ascertain the testator's intention, the court may reject words and limitations and supply or transpose them to get at the correct meaning, the court in this instance is not required to do so, since the general intention is plain and consistent only with the conclusion announced. The issue of Ernest T. will therefore share equally with Camilla in the property devised by the second clause of the will. Any other result would defeat the manifest design of the testator.

Judgment accordingly.