In the Matter of the Construction of the Last Will and Testament of THOMAS H. CHITTICK, Deceased.

MARGARET CHITTICK JOHNSON and Another, Appellants; G. ARTHUR HEERMANS, as Executor, etc., of THOMAS H. CHITTICK, Deceased, and Others, Respondents.

Fourth Department, March 10, 1926.

Wills — construction — devise to trustee to pay over part of income to named beneficiary for life and to hold and accumulate remainder — on death of beneficiary trustee was directed to pay principal to descendants of beneficiary when they became twenty-five years of age — provision for accumulation of income invalid — descendants of beneficiary took title on her death and were entitled to accumulated income under Real Property Law, § 63.

A will which devises a certain portion of the property of the testatrix in trust to pay over a part of the income to a named beneficiary for life and to accumulate the remainder of the income, and at the death of the beneficiary to pay the

principal with the accumulations to her lawful descendants when they reach the age of twenty-five years, creates a trust for the life of the beneficiary only, and on her death her descendants take a vested interest in the remainder, subject only to the suspension of payment until they reach the age of twenty-five years.

The trust so far as it provides for accumulation of a part of the income is invalid and that accumulation goes to the persons presumptively entitled to the next eventual estate under section 63 of the Real Property Law who are, in this case, the descendants of the beneficiary.

Upon the death of the beneficiary the shares of the remaindermen who may have arrived at the age of twenty-five years must be forthwith paid to them but the shares of those who have not arrived at the age of twenty-five will be held by the trustee under what has been called " an administrative title " by virtue of which he will control possession and actual management until the time of payment comes.

APPEAL by Margaret Chittick Johnson and another from a decree of the Surrogate's Court of the county of Steuben, entered in the office of said Surrogate's Court on the 3d day of June, 1925, construing certain portions of the last will and testament of Thomas H. Chittick, deceased.

*J. Walter Heffernan* [*Simon Fleischmann, Martin Clark* and *Adria.i Block* of counsel], for the appellant Margaret Chittick Johnson.

*Charles L. Crane*, special guardian for Margaret Elizabeth Johnson.

*Guernsey B. Hubbard*, for the petitioner, respondent, G. Arthur Heermans.

*John C. Wheeler*, for the respondents Anna J. Bailey and others.

*Herbert A. Heminway*, for the infant respondents Elinore J. Bailey and others.

CROUCH, J. The appeal is from a decree of the Surrogate's Court of Steuben county in proceedings brought to construe the will of Thomas H. Chittick, deceased, dated January 22, 1919. The will directed his executor to sell his real property, the proceeds to become a part of the personal property for all purposes therein mentioned. After making certain specific legacies, the will disposed of the bulk of the estate in four paragraphs, numbered 11, 12, 13 and 14, which contained the provisions sought to be construed. Paragraph 11 is as follows:

" I give and bequeath to the executor one-half of my personal property, remaining after paying said expenses and legacies, including property not so converted into personal in trust for the following purposes. At the marriage of my daughter, Margaret E. Chittick to pay to her from the principal thereof One Thousand ($1,000.00)

Dollars. From the income from the said one-half of my estate pay to the said daughter, Margaret E. Chittick Six Hundred ($600.00) Dollars, annually during her life time; or at the discretion of the executor, he may pay to the said Margaret E. Chittick the sum of Three Hundred ($300.00) Dollars, semi-annually. Accumulate the residue of the income, hold and invest the same as part of the principal until the death of my daughter. *At the death of my daughter pay over the principal with the accumulation, if any, to her lawful descendants, per stripe (sic) at the time each shall arrive at the age of twenty-five years.* And if she have no lawful descendants, to the person or persons then living who would be my next of kin in case I died at the time of her death, in the same proportions such person or persons would take as my next of kin under the laws of the State of New York. In case of the death of my said daughter before her children as such become of the age of twenty-five years, then such of her children as shall not have arrived at the age of twenty-five years shall receive Six Hundred ($600.00) Dollars, annually, to be divided between them. If any of my daughter's children are infants at the time of her death, then that infant's share shall be paid to a guardian for the said infant's benefit."

Paragraph 12 is as follows:

" I give and bequeath to the said executor one-sixth of my personal property, remaining after paying said expenses and specific legacies, including property not so converted into personal, in trust for the following purposes: From the income therefrom pay to my nephew, Thomas Bailey, One Hundred ($100.00) Dollars annually during his lifetime. Accumulate the residue of the income and hold and invest the same as part of the principal until the death of my said nephew. At the death of my said nephew, pay over the principal and accumulations, if any, to the next of kin of the said nephew when they arrive at the age of twenty-five years, in the same proportion they would inherit property from him under the laws of the State of New York."

Paragraphs 13 and 14 contain provisions for two other nephews and their next of kin identical with those in paragraph 12.

Testator died December 3, 1922. He left no widow. His sole heir at law and next of kin was an adopted daughter, Margaret Chittick Johnson, twenty-five years of age. She was married subsequent to the date of the will, and has a child who was eight months old at testator's death. Her husband is living.

Thomas Bailey, William E. Bailey and Eugene J. Bailey, the life beneficiaries mentioned respectively in paragraphs 12, 13 and 14, are children of testator's sister. At the time of testator's

death, Thomas was unmarried. William E. was married; two children have been born to him since testator's death. Eugene J. was married and had one child.

It is the contention of Margaret Chittick Johnson, broadly stated, that each of the four paragraphs of the will in question was intended to, and did, establish a trust for the purposes (a) of receiving and paying over part of the income, and (b) of accumulating the balance of the income during the life of the named beneficiaries, and thereafter for the same purposes until the beneficiaries of the trust remainder should respectively reach the age of twenty-five years; that during the whole period of each trust the title was in the trustee; that each trust, so far as it was for the purpose of accumulating the income, was obviously invalid, and that so far as it was to receive and pay over income, was invalid under the Statute against Perpetuities; that the void elements cannot be excised without thwarting the purpose of the testator, and that accordingly, as to the property embraced in each attempted trust, it should be decreed that the testator died intestate, and that Margaret Chittick Johnson, as sole next of kin and heir at law, is entitled to the absolute ownership.

It is conceded by all parties that the trusts, so far as they were for the purpose of accumulating income, are invalid. But the effect of such invalidity is not intestacy. The income thus undisposed of will pass to the persons presumptively entitled to the next eventual estate. (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364; Pers. Prop. Law, § 11; *Matter of Harteau*, 204 N. Y. 292.)

If the canons of construction and interpretation permit the court to give effect to the other expressed purposes of the testator, it should be sedulous to do so; and the failure of the one purpose, although it was an important one in the mind of the testator, need not destroy the whole. (*Matter of Trevor*, 239 N. Y. 6.)

The dominant purpose of the testator may fairly be said to have been to divide his property into two equal portions, one to go to his adopted daughter and her descendants, the other, to those of his own blood. Whatever difficulties of construction there are which might prevent this are to be found mostly in connection with paragraph 11. That there was a valid trust to receive and pay over part of the income during the life of Margaret Chittick is conceded. If that trust continued beyond that point until the youngest of her surviving children should attain the age of twenty-five, concededly it would be invalid as possibly to be measured by lives not in being at testator's death. Even though that were so, the result would not necessarily be what appellant

contends for. (*Manice* v. *Manice*, 43 N. Y. 303, 381; *Woodgate* v. *Fleet*, 64 id. 566, 573; *Matter of Wilcox*, 194 id. 288, 295.)

But we think it is not so. The will was drawn by the testator himself, who was a layman. He directs the trustee to perform certain specified trust duties "until the death of my daughter." Here is a definite pause marking a point where some other event is to occur. It may be a continuation of the same duties to be rendered to other beneficiaries. It may be a cessation of all trust duties. He then continues: "At the death of my daughter pay over the principal * * * to her lawful descendants, *per stripe* (*sic*) at the time each shall arrive at the age of twenty-five years." If this were all there would be nothing to indicate any thought of a continuity of trust duties. Rather there would seem to be a thought that such duties were at an end and that there remained only the matter of paying the principal to those to whom it had been given; meanwhile, until the designated time of payment holding it as any administrative custodian might. The direction is not to pay *if* or *provided* the descendants arrive at the age of twenty-five. We look further, however, and find that when the testator provides for the contingency upon which the remainder is to go over, it is a contingency which must happen, if ever, at that same point of time. If at the daughter's death there are surviving descendants, they take definitely and finally. That the contingency of a death thereafter is not provided for may be taken as evidence of that fact. Finally it is to be noted that no express direction is given to the trustee to invest the principal or to deal in any trust capacity with the income. What may or may not have been an afterthought is the provision that if any of the daughter's surviving children are under the age of twenty-five years, they shall receive $600 annually to be divided between them. There is nothing to indicate that this sum is to come out of income. Hence, even if the trustee in making such annual payment were held to be acting under a trust, there would be no invalidity. (*Wells* v. *Squires*, 117 App. Div. 502; affd., 191 N. Y. 529.) But to accomplish the testator's purpose a trust is not necessary and for the reasons briefly stated above, we are disposed to think that the trust ceases at the daughter's death and that the principal then vests in the remaindermen as determined by the event, possession only being postponed as to those under the age of twenty-five.

We reach the same conclusion as to paragraphs 12, 13 and 14, which, uncomplicated by any cross-remainder or provision for payment of an annuity to those remaindermen under the age of twenty-five, seem to present the not unusual case of a gift in trust

to pay the income to one person for life and then to pay the principal to others when they reach a certain age. The authorities are numerous. (*Everitt* v. *Everitt,* 29 N. Y. 39; *Vanderpoel* v. *Loew,* 112 id. 167, 180; *Quade* v. *Bertsch,* 65 App. Div. 600; affd., 173 N. Y. 615; 30 Cyc. 1509, footnote 39.)

Upon the death of the beneficiary under each trust the shares of those remaindermen who may have arrived at the age of twenty-five years will be forthwith paid to them. The shares of the others, if any, will be held by the trustee under what has been called " an administrative title " (*Steinway* v. *Steinway,* 163 N. Y. 183, 200), by virtue of which he will have control, possession and actual management until the time of payment comes.

There are certain minor modifications to be made in the decision and decree below which need not be discussed here but will be written into the order.

The decree as thus modified should be affirmed, with separate costs to the respondents separately appearing and filing briefs payable out of the estate.

Hubbs, P. J., Davis, Sears and Taylor, JJ., concur.

· Decree modified in accordance with the opinion and as so modified affirmed, with separate bills of costs to the respondents separately appearing and filing briefs payable out of the estate.