In the Matter of the Estate of GEORGE S. BURCH, Deceased.

Surrogate's Court, Albany County, July 23, 1934.

*John F. O'Brien*, for the petitioner.

*Leon & Weill* [*Harold Weill* of counsel], for John C. Burch.

ROGAN, S. In this proceeding the court is asked to construe the legal effect of the following provisions of the will of decedent.

" *Second.* All the rest, residue and remainder of all the property of which I die possessed, both real and personal, I give, devise and bequeath to my wife, Mary C. Burch, and I hereby express the desire that upon her death, she dispose of the remaining property in the following manner: to my sister, Alice M. Burch, I desire that my residence together with all household furniture and effects, being number 659 Central Avenue, Albany, N. Y., be given, for her use during her life time, and upon her death, to revert to James M. Wylie, providing that said James M. Wylie and his family continue to treat my wife, during her life time with the same care and affection which they now show toward her; to my nieces, Emily Wylie and Melvina Wylie, I desire that upon the death of my wife, two hundred fifty ($250.00) Dollars each be given; all the rest, residue and remainder of the property, both real and personal, I desire, upon the death of my wife, to be given to my brother, John C. Burch and sisters Alice M. Burch and Clara B. Allen, to be divided equally between them or their survivors."

From the reading of the will I have come to the conclusion that the intention of the testator was to give his wife an absolute fee. The modifying phrase, " I hereby express the desire that upon her death, she dispose of the remaining property in the following manner * * *" is in the nature of a recommendation or of advice. It is not an imperative direction to devise and bequeath the remainder. It is simply the expression of a desire intended to influence, though not to control, the action of his wife in dealing with what is absolutely hers.

It has been held repeatedly that no particular form of words is necessary to create an express gift or devise where the intent of the person making the will is unmistakable. There are numerous cases where the word " desire " has been interpreted as one of absolute gift. (*Phillips* v. *Phillips*, 112 N. Y. 197; *Collister* v. *Fassitt*, 163 id. 281; *Matter of Davidge*, 200 App. Div. 437.) But in such cases the intent and purpose of the testator were reasonably clear.

Ordinarily when an estate has been given in an early part of the will in clear and definite terms, the court will not give a strained and unnatural effect to the language occurring in subsequent paragraphs in order to cut down or impair the integrity of the gift when the subsequent language is not definite and certain, but on the other hand is doubtful and ambiguous. (*Banzer* v. *Banzer*, 156 N. Y. 429; *Erwin* v. *Waterbury*, 186 App. Div. 569; affd., 231 N. Y. 592.)

It is only when a clear intent is shown that precatory words are accorded such force as to deprive the donee of an absolute right. Otherwise, the words indicating a desire or request are held not imperative, but only words of entreaty or admonition, leaving obedience, exercise and performance to the sense of duty, gratitude and discretion of the one to whom they are addressed. (*Foose* v. *Whitmore*, 82 N. Y. 405; *Clay* v. *Wood*, 153 id. 134; *Post* v. *Moore*, 181 id. 15; *Tillman* v. *Ogren*, 227 id. 495.)

That the testator, or at least the draftsman of the will, understood and could use language legally limiting an absolute gift and devise already made by express terms, is best illustrated in the use of the words in the second paragraph, when in the expression of the desire that the property 659 Central avenue be given to his sister, Alice M. Burch, he used the words " for her use during her life time." It also appears that the testator used the words " be given " three times in the same paragraph. These words alone would indicate that he intended his wife to have absolute ownership in his property. Immediately following the absolute gift are these words, " and I hereby express the desire that upon her death, *she dispose* of the *remaining property* in the following manner." It cannot be doubted but that the testator intended by the above words that his wife should have the disposal of the property upon her death, and a *disposal* could only be made by a will. All this would indicate that the intention of the testator was to use precatory words, expressing a desire and request, and not those giving an express, binding direction.

I hold, therefore, the language of the will does not to my mind indicate a definite purpose and intent to limit the estate devised to his widow, and she, therefore, became the absolute owner of all the property of which deceased died seized and possessed.

Decreed accordingly.