ELIZABETH H. STERLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74789. Promulgated October 20, 1936.

*Edward Holloway, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner now contends that she received the amount of $46,156.25 in settlement of her claim to ownership of the property in question as the proceeds of its sale, and that the entire amount represented an inheritance from her father's estate under his will and is not taxable as income to her.

There can be no doubt, we think, that upon the death of Emile Heydenreich under his will the remainder interest in the property in question vested in Louis V. Heydenreich, subject only to the payment of portions of the income to his two aunts. See *Harry C. Kayser*, 27 B. T. A. 816, and discussion therein of vested and contingent remainders under the laws of the State of New York. See also *MacArthur* v. *Scott*, 113 U. S. 340. Looking at the entire will, it was clearly the intention of the testator, Emile Heydenreich, that the real property mentioned in item second of his will should pass to his son irrevocably, subject only to the annual payments referred to above. He made no provision in his will for any other distribution of the property, nor did the will contain any provision for the devisement of the son's remainder interest upon any contingency whatever. Elsewhere in his will he made substantial bequests to his widow and both of his children. (See items first, second, and third of the will quoted above.)

The stipulated facts do not disclose the terms of the agreement under which the petitioner received the payment of $46,156.25. We do not know whether that amount represented some proportional part of the price to which the petitioner was said to be entitled because of her present ownership in the property or whether it was merely an arbitrary amount paid to her in consideration for her agreement not to press her claim to all or any part of the property. We held in *Bernard O. Kearney*, 31 B. T. A. 935, that an amount of money paid to an heir of a decedent by the residuary legatees in consideration for the heir's agreement not to contest the decedent's will was not a gift, devise, bequest, or an inheritance and was all taxable income to the heir.

In her brief the petitioner contends that under any theory of this case the money received by her "was received by inheritance as it

represented the amount received by her under or by virtue of the Will of EMILE HEYDENREICH." It is certain, however, that the petitioner did not acquire any interest in the property in question under the will of Emile Heydenreich. ( She was not named in the will as even a remote legatee in respect of the property.)

Apparently the petitioner based her claim to ownership of some part of the property, or some part of the proceeds from its sale, on her rights as an heir at law of the testator rather than as a devisee under the testator's will. Undoubtedly such a claim would have had validity if there had been a failure of the testator's will and a distribution of the property under the intestacy laws of the State of New York. The facts do not indicate that this is what took place. It is not shown that the petitioner was ever adjudged the owner of any part of the property itself, or that as owner she ever sold any interest in the property. Apparently she was required to execute the deed, as was also her mother, out of an abundance of caution on the part of the purchaser.

It is provided by statute under the Real Property Law of the State of New York, L. 1909, ch. 52, par. 57, McKinney's Consolidated Laws of New York, Annotated, Book 49, p. 83, that: "an expectant estate may be defeated in any manner, or by any act or means which the party creating such estate, in the creation thereof, has provided for or authorized."

As stated above, Emile Heydenreich, in creating the remainder, or "expectant", estate in Louis V. Heydenreich, did not provide for the defeat of the estate in any manner or by any means whatever.

It is further provided by the New York statutes, *supra*, ch. 52, par. 59, p. 85, that:

"*Qualities of expectant estates.* An expectant estate is descendible, devisable and alienable, in the same manner as an estate in possession."

In *In re Rohr's Estate*, 145 Misc. 382; 260 N. Y. S. 181, the testator devised the residue of his estate to his executors in trust to pay certain of the income to a named beneficiary for life, with the remainder of the income to his son for life, and on the death of the son the remainder to certain nephews and nieces. The court held that the nephews and nieces took vested remainders on the death of the testator and that the interests or shares of those dying passed to their estates. The opinion reads in part as follows:

The will under consideration in *Clark* v. *Peters*, 68 Misc. 252, 124 N. Y. S. 961, is very similar to the one now being passed upon. In that case the testator gave to his daughter the use of a share of his estate during her natural life, "and after her death" gave and devised the same to her two children, and it was held that the two children took vested remainders upon the death of the testatrix, and upon the death of one of the children before the death of his mother that child's interest passed to his issue.

The Court of Appeals held in *Van Axte* v. *Fisher*, 117 N. Y. 401, 22 N. E. 943, that the remainder was vested under a will which placed the residuary estate in trust to pay the income to one during his lifetime and to pay the principal or so much thereof as then remained to another (the trustee having been given discretion to invade the principal for the life tenant's use), and that, the remainderman having predeceased the life tenant, the corpus descended to the remainderman's issue.

The use of words of time such as "at," "on," and "after" usually refer to the time of the enjoyment of an estate and not to the time of its vesting in interest. *Connelly* v. *O'Brien*, 166 N. Y. 406, 408, 60 N. E. 20; New York Law of Wills, section 955, Remsen, Preparation of Wills, 196.

It is therefore held that the named nephews and nieces of the decedent took vested remainders, and that, some of them having since died, the interests or shares of the latter pass to their estates, for vested remainders may be alienated, inherited, and devised. Real Property Law, sec. 59; *Ham* v. *Van Orden*, 84 N. Y. 257.

The remainder estate in the property in question was vested in Louis V. Heydenreich at the time of his death and passed under his will to his widow, Elizabeth W. Heydenreich, and not to the petitioner.

To prove her contention that the amount of $46,156.25 which she received under the settlement agreement was a tax-free inheritance from her father's estate, the burden is upon the petitioner in this proceeding to show that the amount represents that part of the estate which she received, or was entitled to receive, as the lawful owner. The stipulated facts offer no basis for this conclusion. It does not appear that this was the substance of the agreement under which the amount was paid to the petitioner. On the other hand, we have determined from the facts of record, and under the Real Property Laws of the State of New York, that the petitioner owned no interest whatever in the property itself. It follows, we think, that the amount received by the petitioner was in no sense an inheritance from her father's estate.

Since there was admittedly a valid consideration for the payment, namely, the petitioner's relinquishment of any and all claims to the property, and the proceeds from the sale thereof, the payment was not a gift to her.

We must conclude that the entire amount of $46,156.25 received by the petitioner is includable in her taxable income under section 22 of the Revenue Act of 1928 as "gains or profits and income derived from any source whatever."

Reviewed by the Board.

*Judgment will be entered for the respondent.*

STERNHAGEN, VAN FOSSAN, MURDOCK, ARNOLD, and HARRON concur only in the result.

LEECH and MELLOTT dissent.