In the Matter of the Accounting of LEON J. SHAPIRO et al., as Executors of JOSEPH STEINBERG, Deceased.

Surrogate's Court, Kings County, June 1, 1955.

*L. J. & G. A. Shapiro* for executors, petitioners.

*George Rosling,* special guardian for Gloria Koslofsky and others, infants.

Moss, S. Of the numerous problems presented on this accounting, the court is now required to determine the reasonableness of the requested attorneys' fees, allowance of traveling expenses to one of the executors and an allowance of accounting fees. The court is likewise called upon to construe paragraph "Eighteenth" of the will to determine whether the recipients of nontestamentary benefits, who were surviving joint tenants, are entitled to be exonerated from the payment of estate taxes thereunder; and whether or not the executors are entitled to commissions on the proceeds of sale of certain shares of stock which were specifically bequeathed by the will but renounced and thereafter sold by the executors.

By the terms of paragraph "Twelfth" of the testator's will, a percentage of certain enumerated stocks were specifically bequeathed to the widow. This bequest was renounced by the widow under the terms of an agreement dated May 16, 1952, and thereafter the shares of stock so specifically bequeathed were sold by the executors. The executors now seek that commissions be allowed them on the sale of the said shares of stock. Commissions generally are not payable on specific legacies, since such gifts pass to the beneficiaries immediately on the testator's death and there is no need for administering such gift

(*Matter of Lester,* 172 App. Div. 509, 521; *Matter of Lawler,* 81 N. Y. S. 2d 526; *Matter of Lewis,* 115 N. Y. S. 2d 791). In this instance, since the specific gift was in fact renounced and the executors were thereafter required to administer this asset, commissions will be allowed. (*Matter of Lewis, supra,* p. 808; *Matter of Berwind,* 181 Misc. 559, 565.)

By paragraph "Eighteenth" the gifts of the will were exonerated from payment of transfer or inheritance taxes thereunder and included in such exoneration were the "proceeds of life insurance policies." The executors now seek a construction to determine if certain surviving joint tenants, recipients of nontestamentary gifts, are likewise entitled to tax exoneration by the said paragraph. "Section 124 has been characterized as remedial in nature and its direction that there be an apportionment of taxes in accordance with the formula therein prescribed is to be carried out unless there is a clearly expressed intention to the contrary in the will." (*Matter of Pepper,* 307 N. Y. 242, 244, 246.) The test of a clear and unambiguous direction against apportionment as prescribed by section 124 of the Decedent Estate Law, is not here indicated as to any of the nontestamentary benefits other than the insurance policy proceeds. The court cannot read into this provision an intention to exonerate nontestamentary gifts that are not therein expressly mentioned, and accordingly construes this paragraph of the will.

The compensation of the attorneys for the executors for legal services rendered to the estate is fixed and allowed in the amount requested; and is to include necessary services in the entry of the decree herein and distribution thereunder.

One of the executors seeks reimbursement of his expenses of travel. It appears that assets of the estate were situated in various jurisdictions, and that litigation instituted in Florida and ultimately compromised there made travel necessary. Under these circumstances the requested traveling expenses will be allowed (6 Jessup-Redfield on Surrogate's Law and Practice, § 5015).

Amongst the assets of this estate were many valuable stock assets, a number of realty holdings and various other items. Under the circumstances here disclosed there was a very definite necessity for the employment of the services of an accountant who is to be paid out of the estate assets. (*Matter of Hopson,* 213 App. Div. 395, 399.) The fee of the accountant is fixed in the adjusted amount against which credit is to be given for all payments made on account. Settle decree on notice.