Maximilian Moss, S.
The administrator c. t. a. has requested a construction of testatrix’ will dated May 1, 1950, and a determination of the validity and effect of the provisions of paragraphs 2 and 3 thereof.
Testatrix died May 5, 1951. She was survived by four sons, each of whom is mentioned in the introductory part of the will. Its plan and provisions to require her son to turn back to God reveal the draftsmanship of a deeply religious person with little knowledge of testamentary law, but with a reverent and humble recognition of the Supreme Being. A court should not permit the righteous intention of such a devout person to be defeated unless it can find no possible justification in law.
Paragraph “ 1) ” of the will gives to testatrix’ four named sons all of her estate and concludes as follows:
“ you shall divide' everything equally among you, with the following stipulation:
“2) The one fourth part of the share of ” a named son ‘ ‘ only one dollar to be given to him at the time of the division, the rest only when he turns back to G-D and to our religion. Otherwise, it is to be held in trust for him by someone that you know best that I would trust and confide in. This money should be used within the next fifteen years only for the Hebrew *996 Education for his children. They should go if a boy to a Yeshivah [Parochial school] or to a girl’s Yeshivah if a girl.
“ However should he be ailing (God forbid) and he needs the money for himself, only then, he should use it.”
The said son of testatrix now has a son six years of age and a daughter four years of age. Their special guardian contends that paragraph 2 attempts to create a conditional limitation in violation of section 42 of the Real Property Law in that it creates a trust for a definite period of 15 years instead of for no longer than two lives in being at its creation. Cases cited in support of the contention are clearly distinguishable from the instant case. The gift in each of the cited cases was vested in a trustee or trustees of an express trust created pursuant to section 96 of the Real Property Law. The provisions in said cases directed that the trust fund be held for a definite period of years or an indefinite contingency in violation of the statute.
The intent of the testatrix collected from the entire will, if valid, must prevail over canons of construction (Goebel v. Wolf, 113 N. Y. 405, 412; Robinson v. Martin, 200 N. Y. 159, 164; Ritch v. Hawxhurst, 114 N. Y. 512, 515). In the instant case the gift to said son was nominatim. It vested in him at testatrix’ death (Matter of Gardner, 140 N. Y. 122, 129; Matter of Young, 145 N. Y. 535, 537). Only its possession and enjoyment were postponed, until he shall return to “ G-D and to our religion ” or he “ should be ailing (God forbid) and he needs the money for himself ” (Matter of Traver, 161 N. Y. 54, 57; Roosa v. Harrington, 171 N. Y. 341, 353; Murtha v. Wilcox, 47 App. Div. 526, 529). It is further provided that “ This money should be used within the next fifteen years [meaning after testatrix’ death] only for the Hebrew Education for his children.” (Emphasis supplied.) It should be noted that the title to the fund is not vested in a trustee and there are no trust duties imposed upon him to carry out (Real Property Law, § 93; Jacoby v. Jacoby, 188 N. Y. 124; Matter of Benjamin, 139 N. Y. S. 2d 16; 30 N. Y. U. Law Rev. 1597), except to hold the fund and to invade it for the specific purposes stated. The powers conferred are powers in trust which are to terminate in any event at his death, and are therefore valid (Crooke v. County of Kings, 97 N. Y. 421). The court holds that the “ stipulation ” annexed to the gift constitutes a condition subsequent. A condition is precedent when the performance thereof must of necessity precede the vesting of the gift. It is subsequent when the failure or nonperformance works a forfeiture of an estate already vested (Steinbacher v. Less, 167 Misc. 787, 788; New *997 Edgewood Lake Corp. v. Kingston Trust Co., 246 App. Div. 163, 167). The “ stipulation ” however is not of a character which will operate to divest any residue, if any should remain unexpended at said son’s death, since the will fails to provide for a gift over in the event said son should fail to comply therewith (Cunningham v. Parker, 146 N. Y. 29, 33; Hogan v. Curtin, 88 N. Y. 162, 171; Robinson v. Martin, 200 N. Y. 159; Graves v. Deterling, 120 N. Y. 447, 455; Baker v. Mott, 78 Hun 141, affd. 152 N. Y. 637).
Obviously, the fund will diminish from time to time by the exercise of the power of invasion conferred under paragraph 2 for the Hebrew education of said son’s children, or in the event he should need the money for himself on account of illness. The fund might even be entirely exhausted for either or both of such reasons. However, if there should be any unexpended residue at the end of the permissive period of 15 years and testatrix’ said son should outlive such period, the administrator c. t. a., as the holder of an administrative title (Steinway v. Steinway, 163 N. Y. 183, 200; Matter of Chittick, 216 App. Div. 179, 184) will be required to continue to hold such residue until said son complies with the “ stipulation ” or sooner dies without complying therewith. At his death the residue will pass to his legal representative (2 Davids on New York Law of Wills, § 937; cf. Matter of Krooss, 302 N. Y. 424, 429-431). Paragraph 2 is so construed.
The court construes paragraph 3 of the will as merely expressing a desire, and not a direction, that the house referred to therein be not sold until “ Jossie ” is married and Jerry gets his ‘ ‘ Semicha [ordination], married or not. ’ ’ (Matter of Burch, 152 Misc. 387.) For that reason it does not suspend the power of alienation in violation of section 42 of the Real Property Law or section 11 of the Personal Property Law (Deegan v. Wade, 144 N. Y. 573, 578; Dillenbeck v. Dillenbeck, 134 App. Div. 720; Robert v. Corning, 89 N. Y. 225). Settle decree on notice.