John M. Keane, S.
The administrators with the will annexed in the estate of Frank E. Howland, deceased, have requested that a determination be made concerning the effect of certain language in paragraph ‘‘ fifth ’ ’ of the last will and testament of said decedent.
For purposes of clarity, paragraph “ fifth ” is set forth in its entirety as follows: “ fifth.— I hereby give and bequeath to my said wife, Esther E. Howland, the net rents and income, from all which shall remain of the said two-thirds, of the said rest, residue and remainder, of my said property,— after carrying out the provisions hereinbefore made. The said rents and income herein mentioned, I hereby give and bequeath to my said wife, for such a period of time, and for such a period of time only, as my said wife shall live and remain my widow and not re-marry.— Upon the death of my said wife, or at such time as she shall re-marry and cease to be my widow, one-half (%) of the said two-thirds, of the said rest, residue and remainder of my said property, or the proceeds therefrom, is to be delivered to my said son, Walter S. Howland, to whom the same is hereby given, devised and bequeathed; — and, the other one-half (%) of the said two-thirds of the said rest, residue and remainder of my said property, or the proceeds therefrom, is to be delivered to my said son, Warren F. Howland, to whom the same is hereby given, devised and bequeathed, with this restriction and limitation, namely: That the said property shall be used and expended by the said Warren F. Howland exclusively for his support, maintenance and comforts, and for the support and maintenance of his children ”.
The precise question concerns the nature of the interest given to Warren F. Howland. Does he have an absolute interest which vested at the date of his father’s death or does the language relating to his gift make his interest something-different?
Walter S. Howland and Warren F. Howland are the administrators with the will annexed. Each has independent counsel. Briefs filed by the counsel for each support the position that the interest of Warren F. Howland vested absolutely as of the date of his father’s death. There is no controversy between them concerning the construction that should be given to this language. Both are aware that it is the province of the court to determine the legal effect of the language.
*626 Canons of construction with many nuances have been developed over the years to aid courts in answering the primary question — what did the testator intend? These canons are merely guides. One such guide is that an absolute gift made in a will cannot be cut down by later language of doubtful or ambiguous significance.
Although the language here does not appear to be precatory in form, one cannot help but ask, “ Just what did the testator mean when he said, ‘ That the said property shall be used and expended by the said Warren F. Howland exclusively for his support, maintenance and comforts, and for the support and maintenance of his children ’ ? ”
Such language would permit the funds to be used for almost any imaginable purpose. Were the language limited to support and maintenance, there would be somewhat less ambiguity, but with the word ‘ ‘ comforts ’ ’, this court feels that such language is most ambiguous. An absolute bequest cannot be limited by language capable of many meanings. Therefore, applying thi's guide in attempting to ascertain the intent of the testator, the language is not of sufficient clarity to cut down the absolute gift previously made.
There is no question that a testator may impose conditions upon a gift under his will. Variations in such conditions are limited only by the imagination of a testator or the draftsman of his will. In many instances it is difficult and almost impossible to determine whether or not the conditions have been breached.
Certainly the conditions, if any, here imposed are not conditions precedent to the receipt of the gift under the will. Therefore, if they were conditions, they would be conditions subsequent. Even “ assuming it was upon a condition subsequent, the condition would not become operative unless upon its breach there was a gift over and a general gift of the residue is not such a gift over.” (Sherman v. Richmond Hose Co., 230 N. Y. 462, 469 [1921].) Because of the failure to provide for a gift over, even if this were determined to be a gift subject to a con-' dition subsequent, it would fail. Therefore, on another basis, the interest received by Warren F. Howland is one that vested absolutely as of the date of his father’s death.
It is a rare occasion when exactly the same language is used in a will before the court which had been previously construed by some other court. Even in a situation where the language was exactly the same, there might be other factors which would require a different conclusion. It would serve no good purpose to ,set forth in this decision extracts from numerous cases where the language was similar to support the conclusion reached.
*627 This court determines that the interest of Warren F. How-land under the last will and testament of his father, Frank E. Howland, vested absolutely as of the date of his father’s death and that the language contained in said paragraph “fifth” in no way diminished the absolute nature of the interest which so vested in Warren F. Howland.