OPINION OF THE COURT
Bertram R. Gelfand, J.
There is before the court a consolidated proceeding to judicially settle the account of the executor and for a construction of so much of paragraph third of decedent’s will as relates to Cynthia Lubin, also known as Sondra Lubin. Objections to the account have been filed by the two residuary legatees.
Objection No. 2 addresses itself to the executor’s request for reimbursement of $1,238.94 expended for travel and accommodations. The executor resides in Rhode Island.
In certain circumstances, the expenses incurred by a fiduciary as an incident of necessary travel in the discharge of his fiduciary duties may be paid from the estate to the extent they are reasonable and necessary (SCPA 2307, subd 1; Matter of Steinberg, 208 Misc 135; Matter of Schneider, 198 Misc 1017, 1030; Matter of Rohr, 145 Misc 382; 10E Cox-ArensonMedina, NY Civ Prac, § 2307.06). In sanctioning such expenses, focus must be placed upon the word "reasonable”. The cost of routine local travel in the discharge of executorial duties is an expense that is absorbable in the statutory commissions which are paid to a fiduciary as his compensation. To the extent more distant trips are mandated by the nature of *596 the affairs of the estate, the cost of this travel is a disbursement that is reimbursable. Clearly, if an estate had assets in the Yukon Territory to which a proper discharge of executorial functions required a trip, the cost of this trip need not be absorbed by the fiduciary. However, the problem becomes more difficult where it is not the affairs of the estate which require the travel from and to distant places, but rather the residence of the fiduciary. Ordinarily, a person who lives in a distant place should not undertake the responsibility of serving as a fiduciary where the distance between his residence and this jurisdiction is so great that he cannot properly discharge his fiduciary responsibility without incurring expenses for travel that are in a greater sum than he wishes to absorb as a charge against his statutory commissions. An exception to this rule would be if it appeared that the testator was affirmatively aware of the fact that the executor he nominated could only serve if the estate were prepared to incur the unusual cost of such executor’s travels from his residence in a distant jurisdiction to this jurisdiction, and the testator had opted to have his estate bear such an expense in order to have the benefit of a fiduciary in whom the testator had particular confidence.
In utilizing the applicable guidelines in the instant case, great weight is given to the fact that the executor undertook his fiduciary duties without compensation. Had he opted to renounce his appointment and bypassed the dubious opportunity to be the fiduciary of this estate, it would have been necessary to designate an administrator c. t. a. The latter would have been entitled to statutory commissions upon the proper discharge of his duties. Giving due consideration to all of the circumstances herein present, the objection to the reimbursement to the executor of his reasonable and necessary travel expenses is dismissed. The executor may reimburse himself for such travel in the sum of $1,238.94.
There remains the difficult question presented by the objection of Michal Beeri Greenberg to the payment at this time of $10,000 to Cynthia Lubin pursuant to the provisions of paragraph third of decedent’s will. Paragraph third reads as follows: "third: I give, devise and bequeath the sum of five thousand dollars ($5,000.00) to my niece, Frances Helfand Aronowitz, and to my sister, Rosie Lubin, and to her sons children David and Sondra ten thousand dollars *597 ($10,000.00) each provided that they marry in the Jewish faith.”
It is not disputed that the "Sondra” referred to in paragraph third is Cynthia Lubin. The parties have stipulated that Cynthia Lubin is presently 26 years of age, unmarried, and has never been married. Essentially, it is the position of the objectant that the payment to her of the $10,000 set forth in paragraph third is premature since Miss Lubin has not, as yet, married a person of the Jewish faith.
In determining the impact of paragraph third, the court is bound by the previous construction of this paragraph set forth in a decision dated July 8, 1970 which was incorporated in the decree entered September 1, 1970. The character of the court is not in any way altered by changes in the identity of the jurist (SCPA 104, 209, subd 8). The impact of any decision is no less because it was rendered by a prior Surrogate than if rendered by the current incumbent.
The pertinent language of this decision relative to paragraph third is as follows: "From the language of the will and the testamentary plan expressed therein the court finds that the condition is a condition subsequent and that the testator intended that the bequest under paragraph third of the will to * * * Cynthia [was] to vest in [her] upon his death.” (Emphasis added.) The court went on to state in the 1970 decision that "As to the legacy to Cynthia, which has vested, payment will not be directed at this time because of her age and present status. Consequently, the executor will be remained charged with this sum.”
This construction as embodied in the decree of September 1, 1970 is the law of the case. In the instant proceeding, nothing has been presented which would even suggest, let alone warrant, disturbing that decree. There are no allegations that the decree is in any way a product of fraud, misrepresentation, mistake, newly discovered evidence, clerical error or any other cause which would support vacating a subsisting decree (CPLR 5015, subd [a]; see, also, Fuhrmann v Fanroth, 254 NY 479; Mully v Drayn, 51 AD2d 660; Cizler v Cizler, 19 AD2d 819). On this subject, it is noted that objectant was a party to the proceeding which resulted in the decree of September 1, 1970 and that he was represented in that proceeding by eminent counsel (see SCPA 1420, subd 4). Accordingly, any present determination of the rights of Cynthia Lubin under paragraph third must proceed forward from the premise established by *598 the decree of September 1, 1970 that her interest in the $10,000 is subject to a condition subsequent, and not to a condition precedent.
The applicable law is well established that a gift subject to a valid and enforceable condition subsequent results in the gift vesting in the donee at the time of decedent’s death subject to a forfeiture upon the nonperformance of the condition (Matter of Johnston, 277 App Div 239, affd 302 NY 782; Matter of Snell, 30 Misc 2d 373, 377; Matter of Fogel, 3 Misc 2d 994; 7B Warren’s Heaton on Surrogates’ Courts, § 96, par 5; Black’s Law Dictionary [5th ed], p 266, defining a condition subsequent). If the condition subsequent had already occurred, the legacy would have lapsed and would pass into the residuary estate. However, it is not disputed that the condition subsequent has not, as yet, occurred in this case.
There exists a body of case law that indicates that a gift of personal property subject to a "condition subsequent” is converted into an absolute gift unless the testator made an alternate disposition of the property which was to take effect upon a breach of the condition (Sherman v Richmond Hose Co., No. 2, 230 NY 462, 469; Matter of Arrowsmith, 162 App Div 623, affd 213 NY 704; Matter of Howland, 44 Misc 2d 624). The law expressed in these cases has been altered by the subsequent enactment of EPTL 3-3.5 (subd [a]) which took effect on September 1, 1967. This section brings the rule with regard to personal property into accord with what has long been the rule with regard to real property. That is, that a condition subsequent is operative regardless of whether the testator provided for an alternate gift which was to take effect upon the breach of said condition (Hoffman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-3.5, p 345). Accordingly, it is presently of no import that the gift to Cynthia Lubin was of personal property, rather than real property, or that there is no specific alternate disposition of this gift other than in the residuary clause. The general rule governing gifts that are subject to a condition subsequent is applicable. Ms. Lubin is entitled to receive the $10,000 set forth in paragraph third subject to a right of reacquisition which may be asserted by the residuary legatees if the condition subsequent which would divest her of her legacy ever occurs (EPTL 6-4.6, 3-3.5, subd [a]). Concededly, if the legacy here at issue were still open to being construed as containing a condition precedent, and it were so construed, this might *599 result in a construction requiring the beneficiary to marry a person of the Jewish faith before she received her legacy. However, the possibility of such a conclusion was extinguished when the decree of September 1, 1970 was entered and no appeal therefrom was ever taken.
The 1970 decree having declared the legacy to be subject to a condition subsequent, it appears that the only possible reason why it was not therein directed that the legacy be delivered to Cynthia Lubin is that at that time, she was under the disability of infancy. This disability no longer exists. Accordingly, the objection to the present payment of the $10,000 legacy to Cynthia Lubin is dismissed. In the decree to be entered herein, the payment of such legacy shall be directed subject to the right of reacquisition of any interested party pursuant to the provisions of EPTL 6-4.6.